UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID FROHWERK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-CV-084 JD |
| OFFICER KIMECH, *et al.*, | ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

This case was removed from the LaPorte Circuit Court by the defendants, Officer Kimech and Officer Carr. After examining the complaint, the court questioned whether it had jurisdiction. Because a district court has the obligation to inquire into its own subject matter jurisdiction, the defendants were ordered to explain how this court had jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007).

In response, the defendants assert that this court has federal question jurisdiction. "While Plaintiff does not specifically state the legal basis of his claims, Plaintiff is calling for the protections of the Eighth Amendment of the United States Constitution by the language used in his Complaint." ECF 8 at ¶ 3. They argue that the "language clearly is invoking the protection of the Eighth Amendment of the U.S. Constitution and is inartfully stating a deliberate indifference to a serious medical need claim." *Id.* at ¶ 6. On the other hand, the plaintiff has filed an objection to the removal. ECF 9 at 16-18. He states that his claims have "been brought pursuant to the common laws of the State, and its Constitution . . .." ECF 9 at 17. He agues that he "has not asked if the acts and omissions violated his U.S. Constitutional rights." *Id.* As such, he has explicitly disavowed asserting a federal claim in this case.

"[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). That is what has happened here. Frohwerk has eschewed the existence of a federal claim in this case. In *Katz v. Gerardi*, 552 F.3d 558 (7th Cir. 2009), it was necessary for the court to hold a hearing to resolve the complicated state and federal securities law interrelationships involved in that case. However, no hearing is necessary here because the issues are straightforward and Frohwerk has unambiguously denied asserting any federal claims. Frohwerk correctly notes that his tort claims arise independently under State law. Though, as the defendants correctly note, he could have also asserted federal claims, "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Id.* at 563. Because Frohwerk has abjured any federal claims, this court does not have federal question jurisdiction and this case must be remanded back to State Court.

For the foregoing reasons, this case is **REMANDED** to the LaPorte Circuit Court.

SO ORDERED.

ENTERED:  March 21, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court